UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 14-4053

| | |
|---|---|
| Bobby L. Hinds,<br><br>　　　　Plaintiff,<br>v.<br><br>Everest Receivable Services Inc.<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

# JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Defendant has transacted business within the State of Minnesota by attempting to collect this debt from Plaintiff over the telephone while Plaintiff was located within and permanently residing within the State of Minnesota.

-1-

5. Defendant has also transacted business within the State of Minnesota by registering itself as a foreign corporation with the Minnesota Secretary of State.

6. Defendant has also transacted business within the State of Minnesota by registering itself as a licensed debt collector with the Minnesota Department of Commerce.

## PARTIES

7. Plaintiff Bobby L. Hinds is a natural person who currently and permanently resides at all times relevant herein in the City of New Brighton, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Everest Receivable Services Inc. (hereinafter "Defendant") is a collection agency operating from an address of 352 Sonwil Drive, Cheektowaga, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around 2011, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer

debt for medical bills that were for Plaintiff's personal, family and household purposes.

10. On or about July 17, 2014, Plaintiff returned a telephone call to Defendant who had been calling his home in an effort to collect this debt.

11. During the course of the conversation, Defendant's collection agent asked Plaintiff to pay this debt and therefore this conversation was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

12. During the course of this collection call, Defendant's collection employee threatened to send "required" written notices to Plaintiff, or words to that effect, but never sent him anything.

13. This was a false and deceptive communication in an attempt to collect this debt in violation of the FDCPA.

14. Defendant's collection employed also falsely stated that Defendant had to make a "final determination" on Plaintiff's file as the route of recovery for this debt, or words to that effect.

15. Plaintiff took this statement about making a final determination as a threat to sue him for the debt.

16. This was a false and deceptive statement in an attempt to collect a debt in violation of the FDCPA, because the least sophisticated consumer would

conclude from the statement that Defendant intended to sue him for the debt, and it was a statement designed to create a false sense of urgency in Plaintiff to pay this debt.

17. Plaintiff believed that this Defendant might sue him for this unpaid debt, based upon the statement.

18. Defendant had neither the right or present ability to sue him for this debt.

19. Defendant's collection agent falsely told Plaintiff that his collection file had been "red flagged" and had come over as an "avoidance of debt" file, or words to that effect.

20. Before the collection call was over, Defendant's collection employee stated that she was going to mark Plaintiff's collection account as a refusal to pay, even though Plaintiff repeatedly stated that he was not refusing to pay the debt but that he simply could not afford to pay at that time.

21. The above collections communications by this Defendant to Plaintiff were false, deceptive, harassing, oppressive and abusive efforts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f and amongst others.

*Summary*

22. All of the communications as alleged herein by this Defendant and its employees constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions cited herein, amongst others.

*Respondeat Superior Liability*

23. The acts and omissions of these individuals, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff and others as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

24. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

26. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but

not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: September 30, 2014                Respectfully submitted,

**BARRY & HELWIG, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                **Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                                          ) ss
COUNTY OF HENNEPIN         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Bobby Hinds, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     _09_      _30_  , _2014_
                    Month       Day     Year

_/s/ Bobby Hinds_
Signature